(Decided March 28, 1961)

Plaintiffs not represented by counsel.
*William H. Orrick, Jr.*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: When the above-enumerated appeal for a reappraisement was called for hearing, there was no appearance on behalf of plaintiffs. The court thereupon ordered the case submitted.

Rule 5(a) of the rules of the court provides that—

The submission for decision of any case shall be made in open court by the parties thereto or their attorneys, or by stipulation, or by written request to the court, or by the court on its own motion. Where the plaintiff, petitioner, or appellant, or his attorney, in a case does not appear when the same is called, and after the opposite party has had opportunity to present evidence on the issues, it may be deemed submitted and may be decided by the court on the record as it appears therein.

Accordingly, I have examined the record in the appeal before the court and find nothing therein which tends in any way to overcome the presumption of correctness which attaches to the decision of the appraiser. I find and hold, therefore, that the proper value of the merchandise is the value returned by the appraiser.

Judgment will be entered accordingly.

(Reap. Dec. 9961)

PATRICK & GRAVES *v.* UNITED STATES

Entry No. 6448–H.

(Decided March 28, 1961)

Plaintiffs not represented by counsel.
*William H. Orrick, Jr.*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: When the above-enumerated appeal for a reappraisement was called for hearing, there was no appearance on behalf of plaintiff. The court thereupon ordered the case submitted.

Rule 5(a) of the rules of the court provides that—

The submission for decision of any case shall be made in open court by the parties thereto or their attorneys, or by stipulation, or by written request to the court, or by the court on its own motion. Where the plaintiff, petitioner, or appellant, or his attorney, in a case does not appear when the same is called, and after the opposite party has had opportunity to present evidence on the issues, it may be deemed submitted and may be decided by the court on the record as it appears therein.

Accordingly, I have examined the record in the appeal before the court and find nothing therein which tends in any way to overcome

the presumption of correctness which attaches to the decision of the appraiser. I find and hold, therefore, that the proper value of the merchandise is the value returned by the appraiser.

Judgment will be entered accordingly.

(Reap. Dec. 9962)

RANDBUR Co. *v.* UNITED STATES

Entry Nos. 797552; 857889; 823204.

(Decided April 4, 1961)

Plaintiff not represented by counsel.

*William H. Orrick, Jr.,* Assistant Attorney General (*Samuel D. Spector,* trial attorney), for the defendant.

OLIVER, Chief Judge: These three appeals for reappraisement, all of which were consolidated for trial by consent of the parties, involve certain cigarette lighters, exported from Japan and entered at the port of New York.

As the case was presented, it appears that there is no dispute in the *per se* values of the articles in dispute. The sole question before me is whether an item of commission included in the appraised value of the merchandise is, in fact, a buying commission, as claimed by plaintiff. If so, it is not part of the dutiable value of the merchandise and, hence, a nondutiable item. Taking this approach, I recognize the well-established principle that when, as here, only one item of an appraisement is challenged, the presumption of correctness as to all others is not destroyed, and, therefore, they stand as presumptively correct. *United States* v. *Fritzsche Bros., Inc.,* 35 C.C.P.A. (Customs) 60, C.A.D. 371.

The importer, an individual doing business under the name of Randbur Co., plaintiff herein, testified as follows: